IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL CASE NO. 1:07cr33-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEANNIE LARGENT COSBY. | ) | |

**THIS MATTER** is before the Court on the Motion of Petitioner for Modification or Reduction of Sentence Based upon an Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Cocaine Base "Crack" Offenses (Amendment 9) and the Corollary Criminal History Category (Amendment 12) which Effectively Lowers Petitioner's Term of Imprisonment [Doc. 364].

On October 31, 2007, the Defendant was sentenced to 168 months imprisonment for her conviction of conspiracy to possess with intent to distribute between 50 and 150 grams of cocaine base. [Doc. 185]. Prior to sentencing the Government had filed notice pursuant to 21 U.S.C. §851 of the

1

Defendant's three prior felony drug convictions which subjected her to a mandatory sentence of life imprisonment. [Doc. 95]. The Defendant was also found to be a career offender and sentenced pursuant to U.S.S.G. §4B1.1. [Id.]. The Defendant received a sentence below the mandatory statutory minimum because the Government moved for a downward departure pursuant to U.S.S.G. §5K1.1 based on substantial assistance. [Doc. 176].

After the Crack Cocaine Guideline Amendment, Amendment 706, became effective, the Defendant filed numerous *pro se* motions pursuant to 18 U.S.C. §3582(c)(2) for a sentence reduction. [Doc. 209; Doc. 212; Doc. 264; Doc. 271; Doc. 342; Doc. 343]. The sentencing court found that the Defendant was ineligible for a sentence reduction because, although a motion for a downward departure had been granted, the §851 notice had never been withdrawn. [Doc. 347]. Thus, there was no change in the guideline range due to the statutory mandatory sentence. [Id.]. In addition, the Defendant was a career offender and thus, application of the Amendment did not result in a change in the guideline range. [Id.].

The Defendant appealed the denial of her motions but on June 2, 2010, the United States Fourth Circuit Court of Appeals affirmed the sentencing court's denial. United States v. Cosby, 2010 WL 2182363 (4th Cir. 2010).

A little over one month later, the Defendant moved again for a sentence reduction based on the Crack Cocaine Guideline Amendment.[1] Although she now refers to the Amendment as "Amendment 9," it is clear that she is actually referring to Amendment 706. See, *e.g.* United States v. Shackleford, 2009 WL 1117397 (M.D.Fla. 2009); United States v. Esquivel, 2008 WL 2570907 (D.Utah 2008) (defendant's citation to language describing the reason for the amendment shows she was in fact relying on Amendment). "Amendment 706 was originally presented as 'Amendment 9' to Congress." Harris v. United States, 2009 WL 303701 **3, n.4 (W.D.Pa. 2009); United States v. Anderson, 2008 WL 4790355 **1 n.1 (W.D.Va. 2008), *affirmed* 316 Fed.Appx. 225 94th Cir. 2009). The Defendant has already received a ruling on her eligibility for relief pursuant to the Amendment and the Fourth Circuit has affirmed that ruling.[2]

The Defendant also refers to "Amendment 12" which she claims changed the criminal history rules of the guidelines in Chapter 4. The Defendant is referring to Amendment 709 of the United States Sentencing

---

[1] Because the sentencing judge retired, the case was reassigned to the undersigned.

[2] The Defendant makes a vague request that she be re-sentenced pursuant to "the 18-1 ratio." [Doc. 364, at 4]. The ruling issued today is without prejudice to any relief which may ultimately become available pursuant to the Fair Sentencing Act of 2010.

Guidelines. Esquivel, supra.; Harris, supra. Amendment 709 has not been made retroactive to cases on collateral or post-conviction review, except as to direct appeal. U.S.S.C. §1B1.10(c). It therefore has no application in this matter. Id.; United States v. Wells, 2009 WL 728500 (D.Utah 2009).

**IT IS, THEREFORE, ORDERED** that the Motion of Petitioner for Modification or Reduction of Sentence Based upon an Intervening Post-Sentence Change in the United States Sentencing Guidelines Pertaining to Cocaine Base "Crack" Offenses (Amendment 9) and the Corollary Criminal History Category (Amendment 12) which Effectively Lowers Petitioner's Term of Imprisonment [Doc. 364] is hereby **DENIED**.

Signed: August 9, 2010

Martin Reidinger
United States District Judge