# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:07cr33-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JEANNIE LARGENT COSBY. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Reconsideration of Sentence Reduction based upon an Intervening Change in the Sentencing Guidelines pursuant to Section 3582 [Doc. 469].

On August 10, 2012, this Court denied the Defendant's various motions pursuant to 18 U.S.C. §3582 to reduce her sentence based on the so-called crack cocaine guideline amendment. [Doc. 384, Doc. 395, Doc. 442]. Almost five months later, the Defendant filed this motion.

"Of course, the Federal Rules of *Civil* Procedure do not apply to motions under §3582." United States v. Goodwyn, 596 F.3d 233, 235 n. (4th Cir.), cert. denied ____ U.S. ____, 130 S.Ct. 3530, 177 L.Ed.2d 1110 (2010) (emphasis in original). "This is so because §3582 motions – which seek only to alter terms of imprisonment – are criminal in nature." Id.

Indeed, there is no federal statute which expressly authorizes a motion to reconsider in a criminal case. Id. at 235-36. This Court is therefore without jurisdiction to consider a motion for reconsideration in a §3582 proceeding. United States v. Jackson, ____ Fed. App'x. ____, 2013 WL 1444877 (4th Cir. 2013); United States v. Dailey, 475 Fed. App'x. 898 **2 (4th Cir. 2012) (the district court lacked authority to entertain the motion to reconsider).

**IT IS, THEREFORED, ORDERED** that the Defendant's Motion for Reconsideration of Sentence Reduction based upon an Intervening Change in the Sentencing Guidelines pursuant to Section 3582 [Doc. 469] is hereby **DENIED**.

Signed: May 22, 2013

Martin Reidinger
United States District Judge