# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00086-MR
# [CRIMINAL CASE NO. 1:07-cr-00033-MR-DLH-3]

| | |
|---|---|
| JEANNIE LARGENT COSBY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I.  BACKGROUND

On April 3, 2007, Petitioner and others were indicted by the grand jury in this district on one count of conspiracy to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Case No. 1:07-cr-00033, Doc. 1: Indictment]. The Government filed a Notice of intent to seek enhanced penalties, pursuant to 21 U.S.C. § 851,

based on eight of the Petitioner's prior North Carolina felony drug convictions. [Id., Doc. 95: Section 851 Notice].

On June 13, 2007, Petitioner appeared before the Magistrate Judge with counsel for her Rule 11 hearing. Petitioner pleaded guilty pursuant to a written plea agreement, admitting therein that she was responsible for at least 50 grams, but less than 150 grams of cocaine base. [Id., Doc. 103: Plea Agreement ¶ 6]. The plea agreement informed Petitioner that she would be subject to a mandatory term of life imprisonment, if two or more of the convictions listed in the Government's Section 851 Notice were valid, and further notified her of the possibility that she might be sentenced under the Career Offender provisions of the Guidelines. [Id., Doc. 103: Plea Agreement ¶¶ 3, 6(d)]. The terms of the plea agreement also stated that the Government, in its sole discretion, could file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), if the Government determined that Petitioner had provided substantial assistance in the investigation of others. [Id., ¶ 23]. The Magistrate Judge found the Petitioner's plea to be knowing and voluntary and accepted the plea. [Id., Doc. 105: Acceptance and Entry of Guilty Plea].

Following Petitioner's guilty plea hearing, the Probation Office prepared a presentence investigation report (PSR) in advance of

Petitioner's sentencing hearing. Using the 2006 version of the Guidelines Manual, the Probation Office calculated Petitioner's Base Offense Level to be level 32, pursuant to § 2D1.1, based upon the stipulated drug amounts in the plea agreement. [Id., Doc. 488, PSR ¶ 19]. Petitioner's Base Offense Level, however, was increased to level 37, pursuant to § 4B1.1, as Petitioner met the qualifications for Career Offender status. [Id., ¶ 25]. After a three-level reduction for acceptance of responsibility pursuant to § 3E1.1, Petitioner's Total Offense Level became level 34. [Id., ¶¶ 26, 27].

The PSR detailed Petitioner's extensive criminal history, the effect of which resulted in the attribution of 56 Criminal History Points placing Petitioner in Category VI.[1] [Id., ¶ 73]. A Total Offense Level of 34 together with a Criminal History Category VI produces a Guideline range calling for imprisonment between 262 months and 327 months. Because of her prior convictions reflected in the § 851 Notice, however, Petitioner, faced a mandatory statutory term of life imprisonment, which thus became her Guideline sentence pursuant to § 5G1.1(b). [Id. at ¶¶ 111-112].

Prior to Petitioner's sentencing hearing, the Government filed a motion for downward departure pursuant to U.S.S.G. § 5K1.1 and 18

---

[1] Regardless of the number of Criminal History Points she amassed, Petitioner would be placed in Category VI due to her Career Offender status. See § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").

3

U.S.C. § 3553(e), stating that Petitioner had provided substantial assistance to the Government in the investigation and prosecution of others. [Id., Doc. 176]. At Petitioner's sentencing hearing, the Court found that the Guidelines were properly calculated and that Petitioner qualified as a Career Offender. Next, the Court concluded that the Government's motion for departure should be granted. The Court sentenced Petitioner a term of 168 months' imprisonment, the low end of the newly calculated range of 168 to 210 months that was based on a 4-level downward departure.[2] [Id., Doc. 185: Judgment in a Criminal Case]. Petitioner did not appeal.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record and applicable authority in this matter, and concludes that this matter can be resolved without an

---

[2] Based on her Career Offender Status, Petitioner was determined to have a Total Offense Level of 34 and Criminal History Category of VI. The Government's motion pursuant to Section 5K1.1 asks that the Court depart downward and sentence based on an equivalent Total Offense Level of 30 rather than 34. [Doc. 176]. In this respect the Government's motion fully ignores the Section 851 Notice and its attendant mandatory minimum. The departure would be seen as much greater than four levels if considered a departure from the mandatory minimum.

4

evidentiary hearing. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The gist of Petitioner's argument is that she is entitled to relief because four of her past North Carolina convictions, used to establish her Career Offender status and to support the Government's Section 851 Notice, are insufficient to support those enhancements as a result of the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In Simmons, the Court of Appeals reexamined when a conviction under North Carolina's Structured Sentencing Act constitutes a felony to support a Career Offender designation.[3] Overruling prior precedent, the Court determined that a North Carolina conviction is not a felony (i.e. "a crime punishable by imprisonment for a term exceeding one year") unless that specific defendant was exposed to a potential for being incarcerated for a term of more than one year. Petitioner challenges her four previous state drug convictions identified in paragraphs 55 through 58 of the PSR for which she received sentences of 8 to 10 months

---

[3] What constitutes a conviction of a crime punishable by imprisonment for a term exceeding one year (i.e. a "felony") is determined in accordance with the law of the jurisdiction where the proceedings were held. 18 U.S.C. § 921(a)(20). See also, U.S.S.G. § 4B1.2 comment. n.1 (2006) (a prior felony conviction is a prior adult federal or state conviction that is punishable by more than one year in prison regardless of the actual sentence imposed or how the offense is designated by the state).

5

imprisonment. [1:14-cv-00086, Doc. 1 at 3]. Petitioner asserts that her sentence in these four cases could not have exceeded twelve months, and therefore they were incorrectly counted as felonies for the purpose of determining her sentence, and thus her sentence was imposed in violation of law and she is entitled to relief. Petitioner, however, is entitled to no relief because her petition is untimely and her argument is without merit.

Petitioner's judgment of conviction was filed on November 7, 2007. This judgment became final ten days later when Petitioner filed no direct appeal. Petitioner had one year from the date on which her judgment of conviction became final to file her § 2255 motion. 28 U.S.C. § 2255(f)(1). Her petition is not saved from that limitation just because if entails the application of <u>Simmons</u> to a determination of her Career Offender status. <u>Whiteside v. United States</u>, --- F.3d ----, No. 13-7152 (4th Cir. 2014) (<u>en banc</u>). Petitioner did not file her § 2255 motion until April 2014, some six and a half years after her criminal judgment became final. Therefore, her Petition is untimely and this action must be dismissed.

Petitioner's argument also fails on the merits. The type and number of Petitioner's past felony convictions both qualified her as a Career Offender under the Guidelines and subjected her to a mandatory life sentence under Title 21 of the United States Code. When the Government

filed its downward departure motion, 18 U.S.C. § 3553(e) conferred upon the Court the authority to exercise its discretion to reduce the Petitioner's statutory minimum sentence consistent with U.S.S.G. § 5K1.1 and the Government's recommendation that was based on the nature and quality of the Petitioner's assistance. See United States v. Pillow, 191 F.3d 403, 407 (4th Cir. 1999), cert. denied, 528 U.S. 1177 (2000) (section 3553(e) allows for a departure from, not the removal of, a statutorily required minimum sentence). When the Court granted the Government's departure motion, the Court reduced Petitioner's mandatory minimum sentence of life down to 168 months' imprisonment. The Court's 168 month sentence was also a sentence at the low end of a Guideline range 4 levels below Petitioner's otherwise applicable Career Offender range. Consequently, it is necessary for the Court to evaluate what effect, if any, the alleged infirm felony convictions had upon Petitioner being a Career Offender as well as a person mandated to serve a life term of imprisonment according to statute. The Court will address the requisite parts of these two enhancements in turn beginning first with the Guidelines' provisions.

As noted above, the Court found that Petitioner qualified as a Career Offender. This finding was based on numerous convictions identified in the PSR separate and apart from the four convictions Petitioner asserts are no

7

longer considered felonies under Simmons. [1:07-cr-00033, Doc. 488: PSR ¶ 25]. In order to qualify as a Career Offender under the Guidelines, a defendant must have been at least 18 years old at the time of her instant federal offense; the instant offense must be either a crime of violence[4] or a controlled substance offense[5]; and the defendant must have two or more prior convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a). Even if Petitioner's convictions identified in PSR paragraphs 55 through 58 could not have served as predicate felonies, Petitioner was still properly determined to be a Career Offender. At the time of her sentencing in this matter, Petitioner stood convicted of a 1993 assault with a deadly weapon offense, for which she received a 2-year term of active imprisonment,[6] and she stood convicted of three 2000

---

[4] A crime of violence is defined in § 4B1.2(a) as any offense under federal or state law that is punishable by more than one year in prison and has as an element the use or attempted use of force.

[5] A controlled substance offense is defined in § 4B1.2(b) as any offense under federal or state law that involves the sale of a controlled substance and is punishable by more than one year in prison.

[6] As explained in the commentary to the Guidelines, a prior felony conviction is a prior adult federal or state conviction that is punishable by more than one year in prison regardless of how the offense is designated by the state. In other words, the designation of her assault conviction as a North Carolina "misdemeanor" has no impact on whether the conviction qualifies as prior felony crime of violence under the Guidelines because she was sentenced to two years imprisonment and assault with a deadly weapon undoubtedly involves "the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2 comment. n.1 (2006).

felony sale of cocaine offenses, for which she received an active term of 11 to 14 months' imprisonment on each. [Id., PSR ¶¶ 45, 62]. Any two of these prior convictions were sufficient to find Petitioner to be a Career Offender. Accordingly, the Court concludes that Petitioner was properly determined to be a Career Offender notwithstanding the four other convictions about which Petitioner complains. For this reason Simmons has no impact on the calculation of the Petitioner's guideline range, and her argument based on Simmons must fail.

Petitioner's argument fares no better as it pertains to an analysis of the predicates necessary to support the Government's § 851 Notice. Federal law broadly defines a "felony drug offense" to be an offense that is punishable by imprisonment for more than one year under any law of the United States or of a state or foreign county that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances. 21 U.S.C. § 802(44). Each of Petitioner's three 2000 felony sale of cocaine offenses, for which she received an active term of 11 to 14 months' imprisonment, would clearly fall within this definition. [Id., PSR ¶ 62]. Because the Government was required to list only two "felony drug offenses" in its § 851 Notice to bring into effect a statutory mandatory life sentence, 21 U.S.C. § 841(b)(1)(A),

and the Government listed two of Petitioner's three 2000 offenses (in addition to the others Petitioner contends are infirm) [1:07-cr-00033, Doc. 95], Petitioner's sentence was properly enhanced under the statute.

Based on the foregoing, the Court finds that Petitioner was properly sentenced and concludes her § 2255 motion should be dismissed.[7]

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (holding that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**<u>ORDER</u>**

---

[7] Petitioner also has pending before this Court a motion to reduce her sentence pursuant to 18 USC 3582. [1:07cr033 Doc. 517]. This order in no way disposes of that motion.

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: February 19, 2015

Martin Reidinger
United States District Judge