# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:07-cr-00033-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JEANNIE LARGENT COSBY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's letters [Docs. 573, 574], which the Court construes, collectively, as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794.

On June 7, 2007, the Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The Defendant was determined to be a career offender and was sentenced on October 31, 2007 to a term of 168 months' imprisonment. [Doc. 185]. The Defendant did not file a direct appeal.

In her motion, the Defendant moves pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence based on Amendment 794 of the United States

Sentencing Guidelines, which became effective on November 1, 2015. [Doc. 573].

The Sentencing Guidelines Manual does not specify Amendment 794 as a retroactively applicable amendment. See U.S.S.G. § 1B1.10(d) (2015). Even assuming that Amendment 794 could be applied retroactively, however, it would not affect the Defendant's sentence. Amendment 794 amended the commentary to U.S.S.G. § 3B1.2 in order to provide a list of non-exhaustive factors for the sentencing court to consider in determining whether to apply a mitigating role adjustment. See U.S.S.G. app. C, amend. 794, at 116. Here, the Presentence Report makes clear that the Defendant was far more than a minor or minimal participant in the subject conspiracy. In fact, the PSR notes that the Defendant was "active in the use and distribution of cocaine base from the beginning of the conspiracy," and that she stipulated to being responsible for at least 50 grams but less than 150 grams of cocaine base. [See Doc. 488 at 5]. Thus, Amendment 794 has no bearing on the Defendant's case.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's letters [Docs. 573, 574], which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794, is **DENIED**.

**IT IS SO ORDERED.**    Signed: July 26, 2016

Martin Reidinger
United States District Judge