# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:07-cr-00033-MR-DLH-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JEANNIE LARGENT COSBY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion under 28 U.S.C. Section 5555 [sic], Amendment 794 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 576], which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794.

On June 7, 2007, the Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The Defendant was determined to be a career offender and was sentenced on October 31, 2007 to a term of 168 months' imprisonment. [Doc. 185]. The Defendant did not file a direct appeal.

In motions filed on July 5 and July 25, 2016, respectively, the Defendant moved pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence based on Amendment 794 of the United States Sentencing Guidelines. [Docs. 573, 574]. The Court denied those motions on July 26, 2016. [Doc. 575].

On August 18, 2106, the Defendant filed the present motion pursuant to "28 U.S.C. § 5555 [sic]," again seeking relief pursuant to Amendment 794. For the reasons stated in the Court's prior Order [Doc. 575], the Defendant's request for relief under Amendment 794 is denied.

To the extent that the Defendant seeks relief pursuant to 28 U.S.C. § *2255*, her motion is also subject to dismissal as an unauthorized, successive petition. See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (2003).

The Court finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are

debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion under 28 U.S.C. Section 5555 [sic], Amendment 794 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. 576], which the Court construes as a motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 794, is **DENIED**.

**IT IS FURTHER ORDERED** that, to the extent that the Defendant attempts to seek relief under 28 U.S.C. § 2255, the Defendant's Motion [Doc. 576] is **DISMISSED** as an unauthorized, successive petition, and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: August 22, 2016

Martin Reidinger
United States District Judge